```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  JACKSONVILLE DIVISION
```

RICHARD H. SHOEMAKER,
individually,

      Plaintiff,

v.                                Case No. 3:08-cv-682-J-25HTS

PHILLIPS & COHEN ASSOCIATES,
LTD., CORPORATION, a foreign
profit corporation,

      Defendant.
_____

### **O R D E R**

This cause is before the Court on Defendant's Amended Motion for More Definite Statement (Doc. #8; Motion), filed on September 9, 2008. Plaintiff opposes the Motion. *See* Response in Opposition to Defendant's Motion for a More Definite Statement (Doc. #10; Opposition), filed on September 13, 2008.

A motion for more definite statement is appropriate when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e), Federal Rules of Civil Procedure (Rule(s)). "In the federal system the rules employ the concept of notice pleading and motions for more definite statement are disfavored in light of the liberal discovery practices." *Scarfato*

*v. Nat'l Cash Register Corp.*, 830 F. Supp. 1441, 1443 (M.D. Fla. 1993); *see also Puleo v. SMG Property Mgmt., Inc.*, No. 6:08-cv-86-Orl-22DAB, 2008 WL 3889727, at *3 (M.D. Fla. Aug 20, 2008). Thus, such a motion will be granted only "when the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.'" *Campbell v. Miller*, 836 F. Supp. 827, 832 (M.D. Fla. 1993) (quoting *Delta Educ., Inc. v. Langlois*, 719 F. Supp. 42, 50 (D.N.H. 1989)); *see also McKinney v. Orange County, Fla.*, No. 6:06-cv-1240-Orl-KRS, 2006 WL 3792048, at *1 (M.D. Fla. Dec. 21, 2006); *cf. Royal Shell Vacations, Inc. v. Scheyndel*, 233 F.R.D. 629, 630 (M.D. Fla. 2005) ("[I]f the Plaintiff's complaint indicates generally the type of litigation involved it is sufficient to put the Defendant[] on notice."). Additionally, "[a] motion for a more definite statement should not be used as a means of discovery." *Pucci v. USAir*, 940 F. Supp. 305, 310 (M.D. Fla. 1996); *see also Royal Shell Vacations, Inc.*, 233 F.R.D. at 630; *cf. Schiefer v. United States*, Civil Action No. CV206-206, 2007 WL 2071264, at *7 (S.D. Ga. July 19, 2007) ("Rule 12(e) has been implemented to remedy unintelligibility in a pleading, not merely a claimed lack of detail."); *Mckinney*, 2006 WL 3792048, at *1 (same); *Capaz v. Whitaker, Weinstraub & Grizzard, M.DS., P.A.*, No. 8:07-cv-224-T-24-MSS, 2007 WL 1655473, at *1 (M.D. Fla. June 5, 2007) ("Discovery is the proper vehicle

for Defendant to obtain the additional facts necessary to prepare for trial.").

Although motions for a more definite statement may be disfavored, a "pleading must be sufficiently intelligible for the district court to be able to make out one or more potentially viable legal theories on which the claimant might proceed; in other words the pleading must be sufficient to survive a Rule 12(b)(6) motion to dismiss."  5C Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1376 (3d ed. 2004).  Further, "[i]f details are necessary in order to make a vague complaint intelligible, the fact that the details also are subject to the discovery process should not preclude their production under Rule 12(e)."  *Id.*

According to the Motion, a more definite statement is necessary because "Plaintiff has not alleged whether [he] lives in Florida or another state [and] has not alleged any grounds or specifics regarding any alleged violation of the Fair Debt Collection Practices Act or Florida Consumer Protection Practices Act."  Motion at 1, 3.  Additionally, it is contended Mr. Shoemaker has not put Defendant "on notice of the substantive issues in this case[.]"  *Id.* at 1-2, 3.  Plaintiff retorts that "[s]pecifics of the case are left to rules of discovery."  Opposition at 4.

Given the standards articulated above, a more definite statement will be required.  In regard to Defendant's claimed

violation of the Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Protection Practices Act (collectively, Acts), the Complaint states only that "[d]uring its activities to collect a debt allegedly owed by Plaintiff to Defendant, Defendant . . . violated the [Acts] on or about November 1, 2007." Complaint (Doc. #1; Complaint) at 2, 3.  The pleading completely fails to mention what statutory requirement(s) was/were allegedly not complied with, and what conduct on the part of Defendant constituted the violation(s).  Thus the Complaint is impermissibly vague. *Cf. Bell Atl. Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1964-65 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions[.]" (internal quotation marks omitted) (second alteration in original)); *Cappetta v. GC Servs. Ltd. P'ship*, Action No. 3:08-CV-288, 2008 WL 2964590, at *3 (E.D. Va. Aug. 1, 2008) (claim that defendant "violat[ed] the FDCPA 'in multiple ways,'" despite also providing some additional detail, needed to "be described more specifically"); *James v. Olympus Servicing, L.P.*, No. 02 C 2016, 2002 WL 31307540, at *4 (N.D. Ill. Oct. 9, 2002) (dismissing a count that included "no allegations as to what particular conduct of [the defendants] violated [the statute] or how" and so was insufficient to allow them to "frame a response").

In light of the foregoing, the Motion (Doc. #8) is **GRANTED** to the extent Plaintiff shall, within ten (10) days from the date of this Order, file an amended complaint that adequately describes the basis of his claim.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of September, 2008.

      /s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of record
    and pro se parties, if any